IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01694-PAB-MEH

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL #111,
DOMINGO N. MORENO,
DAVID L. WILLIAMS,
GUY E. FORTI,
GERALD E. KING, and
VICKI WILLIAMS,

    Plaintiffs,

v.

PUBLIC SERVICE COMPANY OF COLORADO, and
XCEL ENERGY INC. EMPLOYEE WELFARE BENEFIT PLAN, a/k/a The Public Service Company and Participating Subsidiary Companies Retirees' Medical Managed Care/Medicare Coordinated Plan,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is the Plaintiffs' Motion for Leave to Amend and Supplement Complaint and to Amend Caption [filed May 1, 2015; docket #62]. This matter is fully briefed, and the Court finds that oral argument would not materially assist the Court in adjudicating the motion. For the following reasons, the motion is **granted in part** as to Plaintiffs' request for leave to amend **and denied without prejudice in part** as to Plaintiffs' request for leave to supplement.

**I.    Background**

    Plaintiffs originated this action on June 28, 2012 alleging essentially that Defendants violated the Labor Management Relations Act ("LMRA") by breaching current and prior collective bargaining agreements, and seeking to preserve and recover health benefits and to clarify and enforce rights under an employee welfare benefit plan in accordance with the Employee Retirement

Income Security Act ("ERISA"). *See* Complaint, ¶ 4, docket #1. Defendants filed an Answer to the Complaint on July 25, 2012 (docket #16), and this Court issued a Scheduling Order on September 25, 2012 setting a deadline for amendment of pleadings as November 5, 2012 (docket #22).

On September 26, 2012, Plaintiffs filed a motion for judgment on the pleadings concerning their first claim for an order compelling arbitration. Docket #20. On May 2, 2013, the Honorable Philip A. Brimmer denied Plaintiffs' motion; one week later, Plaintiffs filed a notice of interlocutory appeal of Judge Brimmer's order. Dockets ##40, 41. Then, on May 22, 2013, Judge Brimmer granted Plaintiffs' request to stay the proceedings pending resolution of their appeal. Docket #50. The Tenth Circuit Court of Appeals affirmed Judge Brimmer's order on December 9, 2014 and issued a mandate on December 31, 2014. Dockets ##54, 56. Thereafter, on February 11, 2015, Judge Brimmer lifted the stay of proceedings and this Court held a status conference on April 17, 2015 at which the Court reset deadlines for discovery and dispositive motions. Dockets ##57, 59. The following week, the Court granted the parties' request for extension of the deadlines for amendment of pleadings and production of additional discovery to May 1, 2015. Docket #61.

Plaintiffs filed the present motion to amend on May 1, 2015 seeking "to conform the complaint to evidence developed in discovery; to incorporate allegations concerning events related to the issues in the litigation that occurred after the filing of the Complaint; and to amend the caption." Motion, docket #62 at 1. In essence, Plaintiffs seek to amend the operative pleading by clarifying the second claim for relief as concerning "increased copayment amounts" and adding another claim for breach of the collective bargaining agreement ("CBA") concerning "application of 'Members Pay the Difference' ["MPD"] program." *See* Proposed Amended Complaint, docket #62-18. Further, Plaintiffs request permission to supplement their pleading by adding information concerning the 2013 summary plan description. *Id.*

Defendants oppose the Plaintiff's motion arguing that the proposed amendments are unduly delayed, prejudicial, and futile as time-barred, waived, and lacking actual case or controversy. Docket #66. Plaintiffs reply that they delayed seeking amendments to the Complaint in early 2013 to avoid potential wasted time; any delay was not "undue" because the definitive answer to the issue came through discovery in April 2015; Defendants do not challenge the amendments concerning the alleged 2012 reduction in benefits; the proposed amendments are not time-barred; the case alleges systemic, as opposed to individual, violations of the Plan; and Defendants' discovery (assuming the amendments are permitted) is irrelevant. Docket #69.

## II.     Analysis

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include

them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). To show good cause, a plaintiff "must provide an adequate explanation for any delay" in meeting the Scheduling Order's deadline. *Minter*, 451 F.3d at 1205 n.4.

Notably, rigid adherence to the Scheduling Order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to seek amendment within the deadline may be excused if due to oversight, inadvertence or excusable neglect. *Id.* Additionally, learning information underlying the amendment through discovery that occurs after the deadline set forth in the Scheduling Order constitutes good cause to justify an extension of that deadline. *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

As set forth above, the Court granted the parties' request to extend the deadline for amendment of pleadings to May 1, 2015 (dockets ##60, 61), and Plaintiffs filed the present motion that day; accordingly, to the extent the Defendants argue Plaintiff's motion was untimely, the Court disagrees.

Defendants also argue that Plaintiffs' proposed amendments are unduly delayed. According to the Defendants, Plaintiffs knew in early 2013, before filing a motion to stay in which they represented to the Court that "all claims in this dispute are legally and factually intertwined with the arbitration issue," of the existence of the "new" facts underlying the proposed amendments, but failed to seek amendment then because they wanted the case to go to arbitration. Plaintiffs counter

that Defendants "mischaracterize" the events from early 2013 and that Plaintiffs learned about the facts underlying the amendments during discovery.

It appears undisputed, for purposes of this motion, that Plaintiffs first learned the facts underlying the proposed amendments on or about February 6, 2013. Proposed Amended Complaint, ¶ 53, docket #71; Response, docket #66 at 8-1. Thus, the Court will consider whether the Plaintiffs "ha[ve] no adequate explanation for the delay" since February 6, 2013 to determine whether their proposed amendments are unduly delayed. *See Frank*, 3 F.3d at 1365-66. Notably, Judge Brimmer granted the Plaintiffs' unopposed motion to stay proceedings on May 22, 2013; the proceedings were stayed without objection until February 11, 2015 when Judge Brimmer lifted the stay. In analyzing whether Plaintiffs' proposed amendments are unduly delayed, the Court will not consider the time during which the case was stayed.

Accordingly, the time period during which the Defendants argue Plaintiffs should have sought the amendments is February 6, 2013 through May 22, 2013 and February 11, 2015 through May 1, 2015 – a total of approximately six months. Plaintiffs' counsel attests that in February 2013, he communicated with defense counsel regarding the facts underlying the proposed amendments, and learned on February 21, 2013 of the "dispute ... over whether member pay the difference was part of the litigation." Declaration of Thomas B. Buescher, May 1, 2015 ("Buescher Declaration"), ¶ 5, docket #62-16. In a February 23, 2013 email exchange, defense counsel stated Defendants' position that "the information was not part of the claims in the complaint or part [of] any alleged damages," and Mr. Buescher responded explaining why Plaintiffs believed the [MPD] issue was part of the complaint and stating their belief that there was a distinct ERISA claim for damages. *Id.*, ¶ 6. On March 7 and 8, 2013, counsel communicated again during which defense counsel repeated Defendants' belief that the MPD issue was not relevant and Mr. Buescher made an offer of

compromise. *Id.*, ¶¶ 7, 8. Defense counsel responded on March 25, 2013 declining the proposal, saying "we do not think that MPD is encompassed by the current claims that relate to the 2012 prescription drug changes." *Id.*, ¶ 8.

Plaintiffs contend that they did not file a motion seeking the proposed amendments after March 25, 2013 because they wished to await Defendants' responses to discovery, which would have been due by the April 15, 2013 discovery cutoff (and were actually dated April 11, 2013), "in case further unexpected issues came up." Motion, ¶ 12, docket #62; Reply, docket #69 at 2. The Court finds this an adequate explanation for any delay between March 25, 2013 and April 15, 2013.

The Court also finds appropriate the Plaintiffs' choice to await, for a reasonable period, a ruling on their motion for judgment on the pleadings, in that, had it been granted, an arbiter's ruling on the breach of contract claims (as stated in the original Complaint) may have also resolved the ERISA claim. Defendants assert that Plaintiffs' strategy was improper in that they "misled" the Defendants and the Court in professing the ERISA claim was simply derivative of the contract claims; however, again, the Court agrees (and the Defendants certainly believed at the time) that the stated ERISA claim in the original Complaint was, in fact, derivative.[1] Thus, the Court concludes the period from April 11, 2013 to May 2, 2013 (the date of Judge Brimmer's order) is reasonable.

As for 2015, this Court must take some responsibility for the passage of time. Judge Brimmer lifted the stay of proceedings on February 11, 2015 and, in line with its schedule at the time, this Court did not set a status conference until April 17, 2015. *See* docket #58. At that conference, Plaintiffs' counsel informed the Court that she had "been preparing a motion to amend the complaint" in 2013 before the case was stayed. April 17, 2015 Status Conference Transcript, 4: 8-11. Plaintiffs' counsel then sought a period of time until May 1, 2015 to file a motion to amend,

---

[1] In arriving at this conclusion, the Court does not aver that a party who sits on its claims for an unreasonable period of time is justified in doing so.

and defense counsel did not object. *See* dockets ## 59, 61.

As for Defendants' argument that they will be unduly prejudiced should the Court permit the proposed amendments, courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1207 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). This Court will ensure that no prejudice inures to either party with a grant of the Plaintiffs' motion to amend. In fact, at the April 17, 2015 status conference, counsel for the parties informed the Court that discovery was completed in April 2013, unless the Court granted Plaintiffs' request to supplement the Complaint concerning the subsequent 2013 summary plan description (*see* discussion below). Transcript of April 17, 2014 Conference, 13: 12-25, 14: 1-16, docket #64 at 13-14. Thus, even with the proposed amendments, the parties are in a position to proceed to trial. The Court reminds the Plaintiffs, however, of the Tenth Circuit's admonition against allowing pleadings to become "moving targets." *See Minter*, 451 F.3d at 1206 ( "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'") (quoting *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)). The Court will be mindful of such admonition if/when reviewing any further proposed amendments.

With respect to Defendants' futility argument, although the Court is aware of case law applying a Fed. R. Civ. P. 12(b) standard to a futility challenge of proposed amendments under Rule 15(a), in exercising its discretion, the Court here must consider the efficiency of proceeding in this matter. *See Fluker v. Federal Bureau of Prisons*, No. 07-2426-CMA-CBS, 2009 WL 1065986, at *5 (D. Colo. Apr. 21, 2009) (unpublished). Thus, the Court finds that Defendants' futility argument is more properly raised and adjudicated in a Rule 12(b) motion, rather than indirectly through opposition of a Rule 15(a) motion. *Id.* Considering that the denial of a motion to amend is a

dispositive issue that may be only <u>recommended</u> by this Court, proceeding under Rule 12 may, at least, avoid one round of objections under Fed. R. Civ. P. 72(a) or 72(b). *Id.* Therefore, the Defendants will be better served by presenting any Rule 12 arguments to Judge Brimmer. *Id.* (citing *General Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-1145-DME, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (unpublished)).

As for Plaintiffs' request to supplement the Complaint with information concerning the 2013 summary plan description, the Court directed Plaintiffs' counsel to file proposed limited discovery requests with the motion to ascertain whether justice required that the Plaintiffs supplement the pleading with such information. Transcript, 14:17-25, 15:1-8, docket #64 at 14-15. Plaintiffs determined not to comply with the Court's direction saying, " ... it is more appropriate to supplement the complaint to address the 2013 SPD and allow the defendants to answer the PASC allegations ... before they can formulate appropriate discovery ...." Docket #62 at 15. The Court disagrees and will deny Plaintiffs' request to supplement the operative pleading with information concerning the 2013 summary plan description.

## III.   Conclusion

Rule 15(a) requires that courts "freely give leave when justice so requires." The Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim in the merits." *Foman*, 371 U.S. at 182. Here, the Court finds that Plaintiffs' proposed amendments are timely and will not prejudice the Defendants. However, the Court denies without prejudice Plaintiffs' request to supplement the Complaint with information concerning the 2013 summary plan description.

Accordingly, the Plaintiffs' Motion for Leave to Amend and Supplement Complaint and to Amend Caption [<u>filed May 1, 2015; docket #62</u>] is **granted in part and denied without prejudice**

**in part** as set forth herein. The Plaintiffs shall file the First Amended Complaint, modified in accordance with this order, on or before July 8, 2015. Defendants shall respond to the First Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado, this 1st day of July, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge