IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01694-PAB-MEH

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL #111,
DOMINGO N. MORENO,
DAVID L. WILLIAMS,
GUY E. FORTI,
GERALD E. KING, and
VICKI WILLIAMS,

      Plaintiffs,

v.

PUBLIC SERVICE COMPANY OF COLORADO, and
XCEL ENERGY INC. EMPLOYEE WELFARE BENEFIT PLAN, a/k/a The Public Service Company and Participating Subsidiary Companies Retirees' Medical Managed Care/Medicare Coordinated Plan,

      Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court are Plaintiffs' Motion for Leave to Serve Attached Discovery [filed July 8, 2015; docket #74], Plaintiffs' Motion to Vacate Deadlines [filed July 20, 2015; docket #76], and Defendants' Motion for Protective Order [filed July 21, 2015; docket #80]. These matters are now fully briefed, and upon review, the Court finds that oral argument would not materially assist the Court in adjudicating the motions. Accordingly, the hearing currently scheduled for August 13, 2015 is **vacated**. For the reasons that follow, Plaintiffs' motion for leave to serve discovery is **granted**, and the Defendants' motion for protective order and Plaintiffs' motion to vacate are **granted in part and denied in part**.

      The background of this case was set forth in this Court' recent July 1, 2015 order. *See* docket #72. At that time, this Court granted Plaintiffs' motion to amend the operative pleading but

denied without prejudice Plaintiffs' request to supplement the complaint with information concerning a 2013 summary plan description. The present motions followed.

**I.      Motion for Leave to Serve Discovery**

At the April 17 Status Conference in this case, the Court asked counsel whether fact discovery had been completed and both answered yes; Plaintiffs' counsel then qualified her statement saying Plaintiffs would need discovery on the 2013 summary plan description, which had been implemented during the stay of these proceedings. Transcript of April 17 Status Conference, 13: 12-25, docket #64. Plaintiffs' counsel asserted she would need "[v]ery minimal written [discovery] and a -- I'd guess a two-hour deposition." *Id.*, 14: 1-3. The Court directed Plaintiffs' counsel to file proposed limited discovery requests with their motion to supplement the complaint, to ascertain whether justice required that the Plaintiffs supplement the pleading with such information. *Id.*, 14:17-25, 15:1-8. However, when they filed the motion to supplement, Plaintiffs did not produce proposed discovery requests asserting, " ... it is more appropriate to supplement the complaint to address the 2013 SPD and allow the defendants to answer the PASC allegations ... before they can formulate appropriate discovery ...." Docket #62 at 15. The Court disagreed and denied without prejudice Plaintiffs' request to supplement the operative pleading with information concerning the 2013 summary plan description.

Here, Defendants' sole objection to the Plaintiffs' request is that they failed to follow the Court's order to produce proposed discovery with their motion to supplement and should not be given another opportunity. After further review, the Court finds that, although the Plaintiffs were certainly wrong in determining not to follow the Court's order, their justification for doing so is not unreasonable. The Court's aim is to "secure the just, speedy and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, and in so doing, the Court's pursuit of justice must also

include the pursuit of the truth, which is of primary importance in discovery. Because the Defendants do not object to the particular discovery requests proposed by the Plaintiffs here, and the Court finds such requests to be within the scope of the discussion held at the April 17, 2015 Status Conference, the Court will grant Plaintiffs' request to serve the proposed discovery requests. However, nothing in this order shall be construed to permit Plaintiffs to engage in any further discovery or to amend/supplement the Plaintiffs' pleading without further leave of the Court.

## II.    Motion for Protective Order and Motion to Vacate

Defendants seek protection from Plaintiffs' request to supplement Defendants' discovery responses concerning Plaintiffs' recent amended allegations regarding the Members Pay the Difference ("MPD") program, and Plaintiffs seek to vacate the deadlines set by the Court at the April 17, 2015 conference. The Court finds that the parties' requests may be sufficiently resolved by a temporary stay of the proceedings pending resolution of the Defendants' motion to dismiss the amended complaint.

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A stay of all discovery is generally disfavored in this district. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). However, as this Court stated previously, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007).

Here, the Defendants' motion to dismiss would not necessarily resolve the entire case but, if granted, would preclude the necessity of further discovery concerning the MPD program. Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

A balance of these factors favors a temporary stay in this case. Both parties agree that further discovery concerning the MPD program is necessary only if the Plaintiffs' amendments are allowed to proceed. The parties have each essentially sought a stay of further discovery (other than that described above) to avoid any unnecessary burdens and/or costs of discovery. While the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could entirely resolve an issue. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted).

Therefore, as the pending motion to dismiss may resolve whether any further discovery

regarding the MPD program is necessary, the Court finds good cause exists to impose a temporary stay of discovery, other than that ordered herein, until the District Court rules on the motion to dismiss.

### III. Conclusion

For the reasons stated, the Court **grants** Plaintiffs' Motion for Leave to Serve Attached Discovery [filed July 8, 2015; docket #74]. Defendants shall have 33 days to respond to the requests. Plaintiffs may not engage in any further discovery without leave of the Court.

In addition, the Court **granted in part and denies in part** Plaintiffs' Motion to Vacate Deadlines [filed July 20, 2015; docket #76] and Defendants' Motion for Protective Order [filed July 21, 2015; docket #80]. The Court vacates the deadlines set at the April 17, 2015 Status Conference and imposes a temporary stay of the proceedings, except the discovery ordered herein, until the District Court rules on the Defendants' pending motion to dismiss the Amended Complaint. Counsel for the parties shall file a joint status report within five (5) days of a ruling on the motion to dismiss.

The hearing scheduled for August 13, 2015 is **vacated**.

Dated at Denver, Colorado, this 12th day of August, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

5